Darwin **MAZARIEGOS–
DIAZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

Nos. 07–73575, 08–70330.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 21, 2010.

Martin Avila Robles, Immigration Practice Group A Professional Corporation, San Francisco, CA, for Petitioner.

Peter H. Matson, Esquire, OIL, Karen Y. Stewart, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions, Darwin Mazariegos–Diaz, a native and citizen of Guatemala, petitions for review of both the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying his application for asylum and withholding of removal (No. 07–73575), and the BIA's order denying his motion reconsider (No. 08–70330). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we review for abuse of discretion the denial of motion to reconsider, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny in part and dismiss in part petition No. 07–73575, and we deny the petition No. 08–70330.

Substantial evidence supports the agency's determination that Mazariegos–Diaz did not establish past persecution on account of a protected ground. *See Elias–Zacarias*, 502 U.S. at 481–82, 112 S.Ct. 812. Substantial evidence also supports the agency's determination that Mazariegos–Diaz failed to establish a well-founded fear of future persecution on account of a membership in particular social group, namely young Guatemalan men vulnerable to gangs and gang violence. *See Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir.2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *Santos–Lemus*

*v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir.2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence") (internal quotation omitted). We lack jurisdiction to review Mazariegos–Diaz's contention that he has a well-founded fear of future persecution on account of an imputed political opinion because it is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). Accordingly, because Mazariegos–Diaz failed to demonstrate that he was persecuted on account of a protected ground, we deny the petition as to his asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 856.

Because Mazariegos–Diaz failed to establish past persecution on account of a protected ground, his humanitarian asylum claims also fails. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

The agency did not violate Mazariegos–Diaz's due process rights because the record reflects that he was given a "full and fair hearing" and a "reasonable opportunity to present evidence on his behalf." *See Colmenar*, 210 F.3d at 971.

Finally, the BIA did not abuse its discretion in denying Mazariegos–Diaz's motion to reconsider because the motion failed to identify any error of law or fact in the BIA's August 9, 2007 order that would justify granting relief. *See* 8 C.F.R. § 1003.2(b)(1).

**No. 07–73575: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 08–70330: PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.